IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH EARL MELING

                     Petitioner,                   OPINION & ORDER

    v.

                                                           17-cv-53-jdp

LOUIS WILLIAMS II,

                     Respondent.

---

Pro se petitioner Joseph Meling, a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence from the United States District Court for the Western District of Washington. Meling contends that the Supreme Court's decision in *Jones v. United States*, 526 U.S. 227 (1999) renders his sentence unlawful because a jury did not find the facts that the sentencing judge used to enhance his sentence.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2243. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. For the reasons discussed below, I will dismiss Meling's petition and close the case.

BACKGROUND

I draw the following background from Meling's petition, his exhibits, and court records. Dkt. 1; Dkt. 2-1 through Dkt. 2-13; *United States v. Meling*, Case No. 92-cr-395 (W.D. Wash.), *aff'd*, 47 F.3d 1546 (9th Cir. 1995).

Joseph Meling was an insurance salesman when he was accused for attempting to kill his wife. Here is what the government presented. Meling got a $700,000 life-insurance policy on his wife. The day after the policy was effective, he laced a Sudafed pill with cyanide and fed it to her. She survived, despite her serious injuries. Meling then worried that he might get caught, so he schemed to divert police investigation. He laced five more packages of Sudafed with cyanide and placed them on the shelves at local drug stores. Two people took the adulterated Sudafed pills and died.

After a five-week trial, a jury found Meling guilty on 11 counts: 1 count of product tampering that resulted in great bodily injury; 2 counts of product tampering that resulted in death; 3 counts of product tampering; 2 counts of perjury; and 3 counts of mail fraud. The district court sentenced Meling on June 8, 1993. Meling is now serving a term of life in prison.

**A. Meling's sentence**

Meling challenges his sentence for the two counts of product tampering resulting in death. Under the sentencing guidelines, the base offense level for those two convictions depended on whether Meling had caused the victims' deaths "intentionally or knowingly." USSG § 2N1.1. The sentencing judge concluded that Meling had intentionally or knowingly caused the deaths of his victims, so following the guidelines she cross-referenced § 2A1.1 (the guideline for first-degree murder) instead of § 2A1.2 (the guideline for second-degree murder). The resulting base offense level yielded a guideline range of life. Because the guidelines were mandatory at the time (in 1993), the judge sentenced Meling to life in prison without the possibility of parole.[1] Meling appealed to the Ninth Circuit, which affirmed his conviction and sentence. The Supreme Court denied Meling's petition for certiorari.

---

[1] The judge also sentenced Meling for the other offenses. The terms of imprisonment ranged

**B. Meling's prior habeas petitions**

Meling has filed numerous habeas petitions. In 1999, Meling filed a petition under 28 U.S.C. § 2255, but the district court denied the petition as untimely. *Meling v. United States*, Case No. 99-cv-00279 (W.D. Wash. Aug. 30, 1999). Meling then filed another § 2255 petition in 2002, labeled "NOT a Second or Successive § 2255," but the district court disagreed with the label and transferred the case to the Ninth Circuit for authorization to file a successive petition under 28 U.S.C. § 2255(h), which was denied. *Meling v. United States*, Case No. 02-73195 (9th Cir. July 30, 2003). In 2011, Meling filed a Rule 60(b) motion, but the court construed it as another successive § 2255 petition and transferred to the Ninth Circuit again for authorization. *Meling v. United States*, Case No. 11-cv-169 (W.D. Wash. Feb. 4, 2011). Meling voluntarily dismissed that case. *Meling v. United States*, Case No. 11-70419 (9th Cir. April 14, 2011). In 2014, Meling filed a motion for authorization from the Ninth Circuit to file a successive § 2255 petition based on the Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Burrage v. United States*, 134 S. Ct. 881 (2014). But that motion, too, was denied. *Meling v. United States*, Case No. 14-71568 (9th Cir. Feb. 27, 2015).

A few months later, in September 2015, Meling filed a § 2241 petition with this court, relying on *Alleyne* again. In particular, he raised the same argument he raises now: that the jury, not the sentencing judge, should have found that he "intentionally or knowingly" killed his two victims. I denied Meling's petition at screening. *Meling v. Ward*, Case No. 15-cv-604-jd, 2016 WL 1611392, at *2 (W.D. Wis. Apr. 21, 2016). I explained that Meling could not challenge his sentence under § 2241 because *Alleyne* was not a statutory-interpretation case and

---

from 5 years to 20 years for each offense, to run concurrently to Meling's life sentence.

it did not apply retroactively. *Id.* Meling appealed, and the Seventh Circuit affirmed. *Meling v. Ward*, Case No. 16-2008 (7th Cir. Oct. 18, 2016).

ANALYSIS

Meling's new § 2241 petition makes essentially the same argument as his last petition, although it is based this time on the Supreme Court's decision in *Jones v. United States*. In *Jones*, the Supreme Court held that the "serious bodily injury" requirement under the carjacking statute, 18 U.S.C. § 2119, is an element of the offense to be determined by the jury, not just a sentencing consideration. 526 U.S. at 232. Meling contends that under *Jones*, the jury, not the sentencing judge, was to decide whether Meling "intentionally or knowingly" caused the deaths of the two victims—which is the same argument he raised in his previous § 2241 petition based on *Alleyne*. But *Jones*, like *Alleyne*, does not apply retroactively. Meling therefore may not proceed under § 2241 relying on *Jones*.

To collaterally attack a sentence, a federal prisoner must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). In cases where the prisoner has already filed a § 2255 petition, the prisoner must obtain certification from the appropriate court of appeals before filing a second or successive petition under § 2255. 28 U.S.C. § 2255(h). A § 2241 petition, on the other hand, generally cannot invalidate a sentence because § 2241 is for sentence execution—for example, parole administration, good time credits, prison transfers, etc. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); Brian R. Means, *Federal Habeas Manual* § 11:17 (2016). But in rare cases, a prisoner can challenge his sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called savings clause contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). *See In re*

*Davenport*, 147 F.3d 605, 608-12 (7th Cir. 1998) (discussing the savings clause's purpose and development of case law).

To proceed under § 2241 by invoking the savings clause, a federal prisoner must demonstrate that "his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To show that his § 2255 remedy is "inadequate or ineffective," a federal prisoner must satisfy three conditions. First, the prisoner must rely on a statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on constitutional cases. Second, the prisoner must rely on a retroactive decision that he could not have invoked in his first § 2255 motion. Third, the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014); *In re Davenport*, 147 F.3d at 611-12.

Here, Meling cannot satisfy the second condition because *Jones* does not apply retroactively. *Jones* is one of several cases where the Supreme Court has explained that the jury, not the judge, should determine the facts that lead to enhanced sentencing. *See Crayton v. United States*, 799 F.3d 623, 626-28 (7th Cir. 2015) (Williams, J., concurring) (discussing development of case law). This line of cases, so-called *Apprendi* cases, do not apply retroactively.[2] Meling therefore cannot proceed under § 2241 because he has not demonstrated that his remedy under § 2255 is inadequate or ineffective.

---

[2] *See Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002); *Vieux v. Warden.*, 616 F. App'x 891, 897 (11th Cir. 2015) ("*Jones* is merely a specific application to the federal carjacking statute of the general rule announced one year later in *Apprendi v. New Jersey* [530 U.S. 466 (2000)]. . . . Because the *Apprendi* rule does not apply retroactively to cases on collateral review, neither does *Jones*, a decision applying that rule."); *Harley v. Revell*, Case No. 06-cv-697, 2006 WL 3183285, at *2 (S.D. Ill. Nov. 1, 2006) (rejecting the petitioner's argument that *Jones* applies retroactively because "[i]n this circuit . . . decisions in the *Apprendi* sequence do not

ORDER

IT IS ORDERED that:

1.  Petitioner Joseph Meling's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED.

2.  The clerk of court is directed to close this case.

Entered May 11, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

apply retroactively on collateral review.").