IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH EARL MELING,

                           Petitioner,                           ORDER

        v.
                                                                 17-cv-53-jdp
LOUIS WILLIAMS II,                                               App. No. 17-2057

                           Respondent.

        Pro se petitioner Joseph Meling, a federal prisoner, seeks a writ of habeas corpus under
28 U.S.C. § 2241, challenging his sentence. Meling contends that the Supreme Court's decision
in *Jones v. United States*, 526 U.S. 227 (1999), renders his sentence unlawful because a jury did
not find the facts that the sentencing judge used to enhance his sentence. I denied Meling's
petition, explaining that *Jones*, like the other *Apprendi* line cases, does not apply retroactively.
Dkt. 3. Meling appealed, Dkt. 5, and the Seventh Circuit directed Meling to explain why this
court's decision should not be summarily affirmed, *Meling v. Williams*, No. 17-2057, Dkt. 3
(7th Cir. June 2, 2017). Meling then filed a motion for reconsideration with this court. Dkt. 11.

        I will deny Meling's motion for reconsideration. A filing of a notice of appeal divests a
district court of jurisdiction over those aspects of the case involved in the appeal. *May v.
Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). Meling appealed my decision denying his petition,
so this court lacks jurisdiction to alter the earlier decision.

        Meling also filed a motion to proceed *in forma pauperis* on appeal. Dkt. 15. Meling
submitted a certified copy of his trust fund account statement. After reviewing this information,
I conclude that Meling qualifies for indigent status from a financial standpoint.

I will not certify that Meling's appeal is taken in bad faith or find that there is any other reason to preclude plaintiff from proceeding *in forma pauperis* on appeal. Given the court of appeal's suggestion of summary affirmance, I of course do not believe that Meling has a substantial chance of prevailing. But the standard for finding good faith is low: "a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Meling argues that courts' failure to apply the *Apprendi* line of cases retroactively leads to the "troubling possibility that a defendant has been convicted of a conduct that constitutes a less serious offense than the one for which he is sentenced." Dkt. 11, at 8. This quote comes from the concurring opinion in *Crayton v. United States*, 799 F.3d 623, 628 (7th Cir. 2015), which in turn quoted the concurring opinion in *Coleman v. United States*, 329 F.3d 77, 93 (2d Cir. 2003). If two court of appeals opinions suggest that Meling's argument might have some merit (even though that is not the current state of the law), a reasonable person could suppose that his appeal has some merit. Meling may proceed *in forma pauperis* on appeal.

ORDER

IT IS ORDERED that:

1. Petitioner Joseph Meling's motion for reconsideration, Dkt. 11, is DENIED.

2. Petitioner's motion for leave to proceed *in forma pauperis*, Dkt. 15, is GRANTED.

Entered August 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge